1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6    RICHARD IDEN,                          Case No. 3:20-cv-00127-MMD-WGC

7                           Plaintiff,                    ORDER

8         v.

9    A. ALZATE, *et al.*,

10                          Defendants.

11

12        On February 24, 2020, Plaintiff, an inmate in the custody of the Nevada Department

13   of Corrections ("NDOC"), filed a notice of complaint. (ECF No. 1-1.) On February 26, 2020,

14   this Court issued an order directing Plaintiff to file a complaint and a fully complete

15   application to proceed *in forma pauperis* or pay the full filing fee of $400 within 45 days

16   from the date of that order. (ECF No. 3 at 2.) The 45-day period has now expired, and

17   Plaintiff has not filed a complaint, an application to proceed *in forma pauperis*, paid the full

18   filing $400 fee, or otherwise responded to the Court's order. The Court will therefore

19   dismiss this case.

20        District courts have the inherent power to control their dockets and "[i]n the exercise

21   of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

22   case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

23   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

24   action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v.

25   Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for noncompliance with local

26   rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming dismissal for

27   failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

28   F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a complaint and an application to proceed *in forma pauperis* or pay the full $400 filing fee within 45 days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 3 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an application to proceed *in forma pauperis* or pay the full $400 filing fee within 45 days.

///

///

1    It is therefore ordered that this action is dismissed without prejudice based on

2  Plaintiff's failure to file a complaint and an application to proceed *in forma pauperis* or pay

3  the full $400 filing fee in compliance with this Court's February 26, 2020 order.

4    It is further ordered that the Clerk of the Court enter judgment accordingly and close

5  this case.

6    DATED THIS 21st day of April 2020.

7

8  _____

9  MIRANDA M. DU
   CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28